UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**05 1245 GAO**

CAROL BLANCHARD, EXECUTIVE DIRECTOR OF )
THE TEAMSTERS UNION 25 HEALTH SERVICES )
& INSURANCE PLAN, )
    Plaintiff, )
     )
v. )
     )
DOREEN HANNIGAN,   MAGISTRATE JUDGE _Dein_ )
    Defendant. )

RECEIPT #_____
AMOUNT $_250_
SUMMONS ISSUED_YES_
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY CLK _____
Date _6/15/05_

## COMPLAINT

## I.    INTRODUCTION

1.    This is an action by the Executive Director of the Teamsters Union 25 Health Services & Insurance Plan (hereinafter, the "Plan") for the collection of disability benefits paid to the Defendant from October 5, 1998 through January 15, 1999, and March 3, 1999 through March 28, 1999.

## II.    JURISDICTION AND VENUE

2.    The Plaintiff, Carol Blanchard (hereinafter, "the Plaintiff") invokes the jurisdiction of this Court pursuant to § 502 of the Employee Retirement Income Security Act, 29 U.S.C. § 1132 ("ERISA"), and federal common law, 28 U.S.C. § 1331.

3.    Venue is proper in this District Court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because, inter alia, the relevant employee benefit plan is administered in this District, and pursuant to 28 U.S.C. § 1391(a), because the Plaintiff's claims arose in this District.

## III.    PARTIES

4.    The Plaintiff is the Executive Director of the Plan and a "fiduciary" within the meaning of § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). The Plan is a "multi-employer plan" as that term is defined by § 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), and is an "employee benefit plan" or "plan" as that term is defined in § 3(3) of ERISA, 29 U.S.C. § 1002(3). The

Plan has its principal office and is administered from 16 Sever Street, Boston, Massachusetts. The Plaintiff is authorized to bring this action on behalf of the Plan. The Plan is administered by Trustees in accordance with LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), and exists for the exclusive purpose of providing medical benefits and related benefits to its participants and beneficiaries.

5.    Defendant Doreen Hannigan (hereinafter, "the Defendant") is an individual whose mailing address is 76 Fremont Street, Winthrop, Massachusetts 02152.

## IV.    ALLEGATIONS OF FACT

6.    On April 19, 1998, the Defendant, a participant in the Plan, suffered a work-related injury.

7.    As a result of the work-related injury, the Defendant received disability benefits from the Plan in the amount of $3,070.27 between October 5, 1998 through January 15, 1999, and March 3, 1999 through March 28, 1999.

8.    The Defendant executed the Plan's Reimbursement Agreement And Consent To Lien form wherein the Defendant agreed to repay the Plan the total amount of benefits referred to in paragraph 7 above in the event that she receives workers' compensation benefits on account of the same injury. By that same agreement, the Defendant agreed to "promptly notify the Health Plan if I or my dependent(s) make any claim...against any third party as a result of the injuries sustained and if I...recover any settlement or judgment from such a third party claim...I...will reimburse the Health Plan for the full amount of such benefits."

9.    By letters dated February 18, 2005, the Plan requested that the Defendant repay the full amount of the benefits paid to her of $3,070.27. The Defendant, however, has not made payment.

10.    On May 19, 2005, the Plan suspended the Defendant's benefits due to the

Defendant's continued failure to reimburse the Plan for disability benefits conferred by the Plan

during the period of her absence due to the work related injury suffered on June 1, 1998.

## COUNT I

### (Enforcement Of The Plan's Terms)

11.    The Plaintiff reavers every allegation contained in paragraphs 1 – 10 contained

herein.

12.    The Defendant has violated the terms of the Plan by failing and refusing to repay

the amount of disability benefit payments referred to in paragraph 7.

13.    The Plaintiff is entitled to enforce the Plan pursuant to ERISA § 502(a)(3), 29

U.S.C. § 1132(a)(3).

## COUNT II

### (Breach Of Contract)

14.    The Plaintiff reavers every allegation contained in paragraphs 1 – 10 contained

herein.

15.    The Defendant has breached contractual obligations by failing and refusing to

repay the Plan the amount of disability benefit payments referred to in paragraph 7.

16.    The Plaintiff is entitled to the enforcement of these contractual obligations.

## V.    PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment enter for the following:

(1)    The unpaid disability benefits in the amount of $3,070.27;

(2)    Reasonable attorney's fees and costs of the action;

(3)    A permanent injunction prohibiting the Defendant from any future violations of

ERISA or the LMRA with respect to the Plan; and

(4)     Such other legal and equitable relief as the Court deems appropriate.

For the Plaintiff,
**CAROL BLANCHARD,**
**EXECUTIVE DIRECTOR,**
**TEAMSTERS UNION 25 HEALTH**
**SERVICES & INSURANCE PLAN**,
By her attorneys,

Matthew E. Dwyer, BBO# 139840
Brian M. Maser, BBO# 655667
Dwyer, Duddy & Facklam, P.C.
Two Center Plaza, Suite 430
Boston, MA 02108
(617) 723-9777

Dated: _____
f:\l25hsip\workers' comp\hannigan\pldgs\complaint.doc

4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) ___Carol Blanchard, Executive Director of the Teamsters Union 25
Health Services & Insurance Plan v. Doreen Hannigan___

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

| | | |
|---|---|---|
| ☐ | I. | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT. |
| ☑ | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,  *Also complete AO 120 or AO 121<br>740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.  for patent, trademark or copyright cases |
| ☐ | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,<br>315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,<br>380, 385, 450, 891. |
| ☐ | IV. | 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,<br>690, 810, 861-865, 870, 871, 875, 900. |
| ☐ | V. | 150, 152, 153. |

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

_____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

      YES ☐  NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

      YES ☐  NO ☑

 If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

      YES ☐  NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

      YES ☐  NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

      YES ☑  NO ☐

  A. If yes, in which division do all of the non-governmental parties reside?

   Eastern Division ☑  Central Division ☐  Western Division ☐

  B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division ☐  Central Division ☐  Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

      YES ☐  NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME ___Matthew E. Dwyer, Brian M. Maser___

ADDRESS ___Dwyer, Duddy and Facklam, P.C., Two Center Plaza, Suite 430, Boston, MA 02108___

TELEPHONE NO. ___(617) 723-9777___

(CategoryForm.wpd - 5/2/05)

℘JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)   PLAINTIFFS | DEFENDANTS |
|---|---|
| Carol Blanchard, Executive Director of the Teamsters Union 25 Health Services & Insurance Plan | Doreen Hannigan |

| (b)  County of Residence of First Listed Plaintiff    Suffolk | County of Residence of First Listed Defendant    Suffolk |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
|  | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c)  Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Matthew E. Dwyer, Brian M. Maser, Dwyer, Duddy and Facklam, P.C. Two  Center Plaza, Suite 430, Boston, MA 02108 |  |

## II.  BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1   U.S. Government Plaintiff

☒ 3   Federal Question (U.S. Government Not a Party)

☐ 2   U.S. Government Defendant

☒ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health |  | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☒ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General |  | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty |  |  | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other |  |  | Under Equal Access |
|  | Employment | ☐ 550 Civil Rights |  |  | to Justice |
|  | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition |  |  | ☐ 950 Constitutionality of |
|  | Other |  |  |  | State Statutes |
|  | ☐ 440 Other Civil Rights |  |  |  |  |

## V.  ORIGIN (Place an "X" in One Box Only)

☒ 1  Original Proceeding

☐ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from another district (specify)

☐ 6  Multidistrict Litigation

☐ 7  Appeal to District Judge from Magistrate Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. Sec. 1132(a)(3)

Brief description of cause:
Suit to recover disability benefits owed an employee benefit plan

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ Yes   ☒ No

## VIII.  RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____